**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aneta Stanberry-Sproles,<br><br>                Plaintiff,<br><br>v.<br><br>Department of Child Safety, et al.,<br><br>                Defendants. | No. CV-22-01428-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff Aneta Stanberry-Sproles's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint will be dismissed.

**I.      Legal Standard**

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

"If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017) (concluding that complaint could not be amended to state a cognizable claim and dismissing with prejudice).

**II.  Analysis**

Plaintiff sued the Department of Child Safety ("DCS"), Ronic Psychological Services, Marrian Parker, and Shahira Parker. (Doc. 1.)

Plaintiff alleges that her parental rights "were terminated illegally" and that

custody of her children "was taken away illegally [with] false and non founded [sic] allegations," that DCS took her children because she "would not cooperate in a criminal case against [her] ex-spouse," and that DCS "gave [her] a fake mental health diagnosis that [she] never had." (*Id.*)

On the *pro se* complaint form, in the "Basis for Jurisdiction" section, Plaintiff placed an "X" in the box indicating that federal question jurisdiction applies. (*Id.* at 4.) However, in the section in which Plaintiff was required to "[l]ist the specific federal statues, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff asserted conclusory facts specific to this case but failed to identify any basis for jurisdiction. (*Id.*)

This is not the first time Plaintiff filed a complaint challenging the legality of her child custody termination. In April 2022, the Court screened a similar complaint[2] pursuant to 28 U.S.C. § 1915(e)(2) and dismissed the complaint due to Plaintiff's failure to establish a basis for jurisdiction and failure to conform with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Stanberry-Sproles v. Arizona Department of Child Safety et al*, 2:22-cv-00364-DWL, Doc. 5. In a five-page order, the Court explained the deficiencies of the complaint in detail and provided specific guidance regarding how to correct them. (*Id.*) The Court granted Plaintiff leave to amend her complaint, but she failed to do so, resulting in the termination of the action. *See also Stanberry-Sproles v. Peoria Police Department et al*, 2:22-cv-00336-DJH, Docs. 5, 7 (complaint dismissed with leave to amend for failure to establish a basis for jurisdiction; action dismissed after Plaintiff failed to file amended complaint).

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). Under the circumstances, in which Plaintiff's earlier action was

---

[2] The complaint also named DCS and Ronic Psychological Services as defendants, as well as various DCS case workers, "Judge Gordon"—likely Maricopa County Superior Court Judge Michael Gordon—and Plaintiff's ex-spouse, Derrick Eberhart.

dismissed for failure to establish a jurisdictional basis and she reasserted the action months later, still failing to establish a jurisdictional basis, it is absolutely clear that Plaintiff cannot cure the deficiencies of the complaint by amendment. In essence, this action is a much-belated amendment of the complaint in the earlier action, but the same deficiencies remain. Granting leave to amend once more would be futile. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Accordingly,

**IT IS ORDERED granting** the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **dismissed** without leave to amend. The Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 25th day of August, 2022.

Dominic W. Lanza
United States District Judge